UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDRES AVENDANO TORIBIO,<br><br>                  Petitioner,<br><br>    v.<br><br>BRUCE SCOTT, et al.,[1]<br><br>                  Respondents. | Case No. 2:25-cv-02540-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I.    INTRODUCTION AND BACKGROUND

Petitioner Andres Avendano Toribio is an individual who entered the United States without inspection in 2005, was apprehended by Department of Homeland Security officials on November 12, 2025, and is detained at the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington. Dkt. 12 at 2–3. Avendano Toribio requested a bond hearing before an Immigration Judge and was denied on the basis that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Dkt. 13 at 2. He received bond in the alternative in the amount of $7,500. *Id.*

---

[1] Kristi Noem, Secretary of the Department of Homeland Security, is substituted for Alejandro Mayorkas under Federal Rule of Civil Procedure 25(d). The Clerk is directed to amend the caption to reflect this change.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

On December 11, 2025, Avendano Toribio filed a petition for writ of habeas corpus, arguing that he was detained in violation of his due process rights. Dkt. 1 at 4. Alongside his request for habeas relief, he sought an order preventing respondents from transferring him out of the Western District of Washington during the pendency of his removal proceedings. *Id*. Federal Respondent indicated her non-opposition to an order requiring that Avendano Toribio and his counsel be provided 48 hours' notice before any transfer or removal during the pendency of these habeas proceedings. Dkt. 4 at 1. The Court ordered the parties to meet and confer regarding Avendano Toribio's request for injunctive relief preventing transfer. Dkt. 5.

On December 13, Avendano Toribio filed an amended petition seeking the same relief (Dkt. 6-1) and an unopposed motion for a briefing schedule (Dkt. 8). Two days later, the parties filed a joint status report confirming their agreement as to the expedited briefing schedule. Dkt. 9. The Court ordered Respondents to file a return to the habeas petition no later than December 29, 2025 and to provide notice to Avendano Toribio and his counsel at least 48 hours before any removal or transfer. Dkt. 10.

On December 18, following the denial of his request for bond, Avendano Toribio filed a second amended petition arguing that his mandatory detention under § 1225(b)(2) is unlawful because he is entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 12 at 4. The case was then reassigned to the undersigned District Judge. On December 29, Federal Respondent filed a return to the habeas petition. Dkt. 14.

The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.     LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the

preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

### III.   DISCUSSION

**A.   Avendano Toribio is a member of the *Rodriguez Vazquez v. Bostock* Bond Denial Class.**

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *6 (W.D. Wash. Sept. 30, 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.* at *27.

Avendano Toribio argues that his mandatory detention under § 1225(b)(2) is unlawful because he is a member of the Bond Denial Class. Dkt. 12 at 4. While Federal Respondent expresses her continued disagreement with the Court's order in *Rodriguez Vazquez*, she does not dispute that Avendano Toribio is a member of the Bond Denial Class for purposes of this matter. Dkt. 14 at 3.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Avendano Toribio is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *16–27. Avendano Toribio has thus shown that his mandatory detention under § 1225(b) violates the INA, entitling him to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

B.  **Avendano Toribio's request for pre-transfer notice is moot.**

In the second amended habeas petition, Avendano Toribio requests an order "enjoining Respondents from transferring Petitioner outside the Western District of Washington or removing Petitioner from the United States without a 48-hour notice while his immigration proceedings are pending and until the relief ordered herein is effectuated." Dkt. 12 at 5. Federal Respondent argues that such an order would impermissibly interfere with the Attorney General's discretion to arrange for an appropriate location of detention for a noncitizen detained pending removal. Dkt. 14 at 4–5; *see* 8 U.S.C. § 1231(g).

The Court construes this request as seeking an order requiring pre-transfer notice until Avendano Toribio receives habeas relief—once he is released on bond, there will be no potential for transfer. That request was already encompassed by the order entered at Dkt. 10, and it will be moot once this Order granting habeas relief is entered.[2]

### IV.  CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.  The petition for writ of habeas corpus (Dkt. 12) is GRANTED.

2.  Within ONE day of this Order, Respondents must either release Petitioner Andres Avendano Toribio or allow his release upon payment of the alternative bond

---

[2] To the extent that Avendano Toribio seeks other relief, including the return of personal property and a prohibition on re-detention, those requests have not been sufficiently briefed. *See* Dkt. 12 at 5.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

amount of $7,500 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 31st day of December, 2025.

                                              Tiffany M. Cartwright
                                              United States District Judge